■ B. MANUEL GUTFREUND, Respondent, v. HENRY D. RUSS, Appellant.— Order, entered on February 28, 1964, denying a motion by defendant Henry D. Russ to dismiss the complaint on the ground that the court does not have jurisdiction over his person, unanimously affirmed, with $20 costs and disbursements to appellant (see *Singer* v. *Walker*, 21 A D 2d 285; *Simonson* v. *International Bank*, 14 N Y 2d 281; *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke*, 21 A D 2d 474). Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ In the Matter of 1466 REALTY Co., Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant. In the Matter of 1455 REALTY Co., Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— Judgments entered November 29, 1963, which annulled the orders of the City Rent and Rehabilitation Administrator which denied petitioners' applications for rent increases, unanimously reversed, on the law and on the facts and in the exercise of discretion permission granted to the petitioners to convert their separate applications into a single application and upon such conversion the matter remanded to the Administrator for reconsideration, without costs. The two petitioner partnerships are owned by the same interests. The applications for rent increases relate to two separate buildings — 1455 49th Street and 1466 49th Street. The buildings face each other on the same street and are substantially similar. The buildings were purchased in an arm's length transaction as a package deal on January 5, 1962 for $820,000. The purchase price was allocated by the purchasers to the separate buildings in the sum of $440,000 for 1455 49th Street and the sum of $380,000 for 1466 49th Street. These allocations were approximately in proportion to the assessed valuations of the two buildings. The Administrator has fixed the assessed valuation of the buildings as the base for any application for rent increases. In *Matter of Perlman* v. *Herman* (13 A D 2d 55) this court rejected the use of an allocated purchase price arising out of a "package deal" purchase. Although the facts in the *Perlman* case were not as favorable to the owners as in the case involved here, the court indicated that even if the allocation were a fair one, it must nonetheless be demonstrated that the purchase price was unaffected by reason of the "package deal". The Administrator could properly have found that there was no such demonstration here. While we conclude that the Administrator's determination — passing upon the two separate applications — should be sustained, it would appear that the interests of justice may be better served if the petitioners were permitted to file a single application treating the properties as a single entity. Of course, upon the reconsideration of such application, the Administrator would be obliged to take into account all the appropriate factors necessary to determine whether in fact these buildings share such a unity of operation as to warrant a conclusion that they are operated as a single property. Settle order on notice. Concur — McNally, J. P., Stevens, Eager, Steuer and Staley, JJ.